UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIGOBERTO JESUS CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>JEFFERY UTTECHT,<br><br>Respondent. | CASE NO. 3:14-CV-05705-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 10, 2015 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. The Court concludes the Petition is time-barred and Petitioner is not entitled to equitable tolling. Accordingly, the Court recommends the Petition be dismissed with prejudice.

BACKGROUND

In February of 2009, a Thurston County jury found Petitioner guilty of first degree robbery while armed with a deadly weapon and second degree vehicle prowling. Dkt. 15, Exhibit 1. Petitioner was sentenced to 210 months of confinement. *See id.* at p. 5. Petitioner challenged this conviction and sentence on direct appeal. Dkt. 15, Exhibit 2. The Court of Appeals of the

REPORT AND RECOMMENDATION - 1

State of Washington affirmed Petitioner's conviction and sentence, and the Washington State Supreme Court denied review without comment on November 2, 2010. Dkt. 15, Exhibits 4, 6.

Petitioner filed an application for a state collateral attack, a Personal Restraint Petition ("PRP"), on June 8, 2011. Dkt. 15, Exhibit 7. The Court of Appeals of the State of Washington dismissed the PRP, and the Washington State Supreme Court denied review. Dkt. 15, Exhibits 10, 12. Petitioner moved to modify the ruling, which was denied by the state supreme court on September 4, 2013. Dkt. 15, Exhibits 13, 14.

On September 2, 2014, Petitioner signed, effectively filing[1], his federal habeas Petition. Dkt. 1, p. 15. Respondent maintains the Petition was signed after the statute of limitations expired, and therefore the Petition is untimely and should be dismissed with prejudice. Dkt. 13. Petitioner filed a Response to Respondent's Answer, and after additional briefing was ordered, Respondent filed a Supplemental Response and Petitioner replied. Dkts. 16, 18, 20.

## DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". A direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*,

---

[1] Under the prison "mailbox rule," a petition is deemed filed for purposes of AEPDA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001).

188 F.3d 1157, 1158-59 (9th Cir. 1999). The Act further states "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed a direct appeal challenging his conviction and sentence. Dkt. 15, Exhibit 2. The Washington State Supreme Court denied review on November 2, 2010. Dkt. 15, Exhibit 6. Petitioner did not file petition for writ of certiorari in the United States Supreme Court, making his direct appeal final on January 31, 2011, the date the time for filing a petition for certiorari expired. *See* U.S.Sup.Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment).The AEDPA limitations period began running the next day, February 1, 2011.

The statute of limitations ran for 127 days. On June 8, 2011, the date Petitioner executed his PRP (state post-conviction petition), the statute of limitations was then tolled pursuant to 28 U.S.C. § 224(d)(2). *See* Dkt. 15, Exhibit 7. The statute of limitations, therefore, stopped running from June 8, 2011 until September 4, 2013-- the date on which Petitioner's motion to modify the ruling was denied and his state case became final. The limitations period began to run again on September 4, 2014. *See Harris v. Carter*, 515 F.3d 1051, 1053 n. 3 (9th Cir. 2008) (finding the limitations period began when the Washington State Supreme Court denied the petitioner's motion to modify the ruling).

The AEDPA limitations period ran for 127 days prior to Petitioner filing his PRP, and thus with tolling under 28 U.S.C. § 224(d)(2), Petitioner had 238 days (for a total of 1 year) remaining to file his Petition after his PRP became final. In other words, Petitioner had until April 30, 2014 to file a timely federal habeas petition. Petitioner did not file his Petition until September 2, 2014, which was a total of 490 days after the 1-year limitations period began and125 days after the statute of limitations tolled.

In his Response to Respondent's Answer, Petitioner asserts he is entitled to equitable tolling from September 4, 2013 (the date his state case became final) until January 24, 2014 (the date he actually received notice of the state supreme court's final decision). Dkt. 16. Petitioner maintains, and supports with affidavits, the clerk of the state court erred by sending his order to Thomas Richey, a prisoner at a different facility. *Id.* Mr. Richey states he received mail from the Washington State Supreme Court containing the order finalizing Petitioner's state case. *Id.* at p. 18, Richey Affidavit, ¶ 1. Mr. Richey was placed in segregation and transferred to a different facility after he received Petitioner's mail. *Id.* at ¶ 4. When he received his belongings after the transfer, Mr. Richey forgot to mail the order to Petitioner. *Id*. After rediscovering the order, Mr. Richey mailed the order to his sister with instructions to mail the order to Petitioner. *Id.* at ¶ 5. Petitioner states he did not receive the state's final order until January 24, 2014, as a result of the state court's error. *Id.* at p. 16, Contreras Affidavit, ¶ 3.

A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Equitable tolling is appropriate where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. Appx. 839, 840 (9th Cir. 2005).

"[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds of equitable tolling if the prisoner has acted diligently in the

REPORT AND RECOMMENDATION - 4

matter." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations omitted). To resolve whether the petitioner is entitled to equitable tolling because of a lack of knowledge regarding the state court's final decision, the Court examines "(1) on what date [the petitioner] actually received notice; (2) whether [the petitioner] acted diligently to obtain notice; and (3) whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible[.]" *Id.* at 998 (internal citations omitted). "Delay alone is insufficient to warrant equitable tolling. Petitioner must also show that he acted diligently; for example 'he made any attempt to check on the status of his petition before he received the notice.'" *Aguilera-Guerra v. Ryan*, 2012 WL 6765589, * 4 (D. Ariz. Dec. 7, 2012) (*quoting Guillen v. Terhune*, 14 Fed. Appx. 865, 867 n. 3 (9th Cir. 2001)).

Here, taking Petitioner's allegations as true, the evidence fails to show Petitioner is entitled to equitable tolling. Petitioner had until April 30, 2014 to timely file his Petition. When Petitioner allegedly received notice of the state court's final decision on January 24, 2014, he had 96 days to file a timely petition. Petitioner fails to explain why he waited until September of 2014 to file his Petition. There is no evidence, therefore, showing the alleged delay in receiving the state court's final decision made filing a timely petition impossible. Furthermore, there is no evidence showing Petitioner acted diligently to obtain notice of the state court's decision or attempted to check the status of his state case.

Petitioner has failed to demonstrate a nexus between the delay in receiving the final state order and his failure to file a timely federal petition. Accordingly, the alleged delay was not an extraordinary circumstance entitling Petitioner to equitable tolling. *See Majano v. Long*, 2015 WL 1612016, *8 (C.D. Cal. April 8, 2015) (finding the petitioner was not entitled to equitable tolling because, while he was delayed in receiving notice of the finality of his state case, he still had four months to file his federal petition and thus the delay did not make it impossible for him

to file his federal petition); *Kennedy v. Hernandez*, 2008 WL 4378183, *8 (C.D. Cal. August 25, 2008) (finding equitable tolling was not warranted when the petitioner failed to show due diligence in inquiring about the status of his state case and, regardless of a delay, still had 60 days to timely file his petition after receiving the state supreme court's final order).

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

Petitioner's Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year statute of limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required[2] and a certificate of appealability should be denied.

---

[2] Petitioner previously moved for an evidentiary hearing and the Court concluded an evidentiary hearing is not necessary in this case. Dkt. 10.

1   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July

6 10, 2015, as noted in the caption.

7   Dated this 8th day of June, 2015.

8

9                 */s/ David W. Christel*

10                 David W. Christel
                United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 7